RECEIVED BY MAIL JUN -1 2015
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

OFFICE OF APPELLATE COURTS
MAY 29 2015
FILED

RECEIVED
MAY 29 2015
OFFICE OF LAWYERS
PROF. RESP.

STATE OF MINNESOTA

IN SUPREME COURT

A15-0728

In re Petition for Disciplinary Action against
Benjamin Eugene Myers, a Minnesota Attorney,
Registration No. 341447.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed an amended petition for disciplinary action alleging that respondent Benjamin Eugene Myers committed professional misconduct warranting public discipline, namely: commencing a defamation lawsuit based on statements in a disciplinary case and attempting to talk to a judge's law clerk about the lawsuit, in violation of Minn. R. Prof. Conduct 3.4(c) and 8.4(d) and Rule 21, Rules on Lawyers Professional Responsibility (RLPR); commencing a frivolous lawsuit, in violation of Minn. R. Prof. Conduct 3.1 and 8.4(d); harassing an assistant city attorney, in violation of Minn. R. Prof. Conduct 8.4(d) and (g); failing to appear at a petty misdemeanor trial without having properly withdrawn as counsel for the defendant, in violation of Minn. R. Prof. Conduct 1.1, 1.2(a), 1.3, 1.4, 1.16(d), 3.4(c), and 8.4(d); failing to provide a client with an accounting, in violation of Minn. R. Prof. Conduct 1.4(a)(4) and 1.15(b); and failing to maintain required trust account books and records, failing to comply with the Director's requests for copies of documents and information, and failing to comply with a court order, in violation of Minn. R. Prof. Conduct 1.15, 3.4(c), 8.1(b), and 8.4(d).

1



Respondent waives his procedural rights under Rule 14, RLPR, withdraws his previously filed answer, and unconditionally admits the allegations in the amended petition. The parties jointly recommend that the appropriate discipline is a 60-day suspension and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Benjamin Eugene Myers is suspended from the practice of law for a minimum of 60 days, effective 14 days from the date of the filing of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure

to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of the filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written

reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

(e) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 thereto. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, cancelled checks, duplicate deposit slips and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program. Such books and records shall be made available to the Director within 30 days from the date of the filing of this order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

Dated: May 29, 2015

BY THE COURT:

_____
Alan C. Page
Associate Justice